UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES E. BRUNNER,

    Plaintiff,

v.                                                            CASE NO. 8:18-cv-2620-T-02AEP

19 PARKER BROTHERS SHOTGUNS,

    Defendant.
_____/

**O R D E R**

This cause came before the Court on a "Joint Motion and Stipulation to Consolidate Cases" (Dkt. 42), filed by the Plaintiff and two judgment creditors of the debtor Roland V. Askins.[1] The parties wish to consolidate this removed case with the bankruptcy adversary proceeding, *Dawn Carapella, as Chapter 7 Trustee v. Charles Brunner*, Case No. 8:18-ap-505-RCT, which is pending in the bankruptcy court of the Middle District of Florida.[2] Both actions concern the transfer of shotguns from part of a large, valuable collection of the debtor, and the resolution of the priority of claims to the guns.

---

[1] *In re Roland V. Askins, Jr.*, Case No. 8:17-bk-4431-RCT (Bankr. M.D. Fla.).

[2] This case was removed from the United States District Court for the Eastern District of Virginia, Alexandria Division. Dkt. 1.

This Court already expressed its consent in theory to the consolidation of the two cases. Dkt. 4. There is no mechanism in place, however, to logistically accomplish the combining of a district court case and a bankruptcy case as each court has its own autonomous, secure electronic docketing system. Nor is any such merger recognized in case law. Rather, to effect "consolidation" a transfer is necessary. *See SL Inv. US – Re Holdings 2009-1, Inc. v. Englett*, No. 6:09-cv-281-Orl-28DAB, 2009 WL 1659164 (M.D. Fla. June 12, 2009) (granting motion to consolidate district court case with adversary proceeding by referring case to bankruptcy court and transferring same).

Section 157(a) of Title 28 of the United States Code provides that "a district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157. To determine whether an action is "related to" a bankruptcy proceeding, the test adopted by the Eleventh Circuit is:

> whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any

way impacts upon the handling and administration of the bankrupt estate.

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)).  Because the outcome of this dispute concerning title and claim to property of the bankruptcy estate would affect the division of the assets among the creditors, the Court finds this action is a related proceeding that conceivably has an effect on the estate being administered.

Accordingly, having already granted the consolidation (Dkt. 43), the Court refers this action to the bankruptcy court to be consolidated with adversary proceeding No. 8:18-ap-505-RCT.  The Clerk is directed to transfer this case to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, and thereafter close this case.  This Order is entered with the caveat that the presiding bankruptcy judge may retransfer and send this case back to the undersigned for any reason that court deems appropriate.

**DONE AND ORDERED** at Tampa, Florida, on June 10, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO: Counsel of Record